UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELICE HITCHINS,

    Plaintiff,

v.                                                Case No:   2:15-cv-797-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Elice Hitchens' Complaint (Doc. 1) filed on December 23, 2015. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1]

**I. Social Security Act Eligibility, the ALJ's Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in

---

[1] Plaintiff moved "the Court to enter judgment." (Doc. 20 at 1). This Court's role in social security matters is governed by 42 U.S.C. § 405(g). Accordingly, the standard of review pursuant to 42 U.S.C. § 405(g) is set forth in this Opinion and Order.

death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 416.905 - 416.911.

### B. Procedural History

On May 25, 2011, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income asserting an onset date of July 5, 2010.  (Tr. at 154, 163).  Plaintiff later amended her alleged onset date to March 28, 2011.  (*See* Tr. at 12, 300).  Plaintiff's applications were denied initially on June 24, 2011 (Tr. at 83), and upon reconsideration on October 6, 2011 (Tr. at 102-03).  A hearing was held before Administrative Law Judge ("ALJ") Larry J. Butler on October 28, 2013.  (Tr. at 30-67).  The ALJ issued an unfavorable decision on September 12, 2014.  (Tr. at 9-29).  The ALJ found Plaintiff not to be under a disability from March 28, 2011, through the date of the decision.  (Tr. at 25).

On December 3, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-7).  Plaintiff filed a Complaint (Doc. 1) in this Court on December 23, 2015.  Defendant filed an Answer (Doc. 15) on March 10, 2016.  The parties filed Memoranda in support.  (Docs. 20-21, 24).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 19).  This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2015. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 28, 2011, the alleged onset date. (Tr. at 17). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: post-spinal fusion syndrome, right hip tendinosis, chronic post-operative pain, and chronic opioid use. (Tr. at 17). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. at 21).

Based on the evidence, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b)

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

and 416.967(b). (Tr. at 21). At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. (Tr. at 24).

At step five, after considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 24). Specifically, based on his finding that Plaintiff can perform light work, the ALJ determined that a finding of "not disabled" was appropriate under the framework of Medical-Vocational Rule 202.21. (Tr. at 24). Accordingly, the ALJ concluded that Plaintiff was not under a disability from March 28, 2011, through the date of the decision. (Tr. at 25).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     Analysis

On appeal, Plaintiff raises four issues:

(1) The [RFC] assessment is not supported by substantial evidence because the ALJ failed to account for Plaintiff's nonexertional limitations and need for a handheld assistive device in violation of 20 C.F.R. §§ 404.1545(b), 416.945(b).

(2) The ALJ committed harmful error when he found that Plaintiff's mental impairment was non-severe and trivial within the meaning of 20 C.F.R. §§ 404.1521(a), 416.921(a).

(3) The ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence because the ALJ mischaracterized the evidence of record and did not articulate valid rationale for discrediting Plaintiff in violation of 20 C.F.R. §§ 404.1529(c), 416.929(c) and Social Security Ruling ("SSR") 96-7p.

(4) The ALJ is biased against disability claimants with impairments causing nonexertional limitations and claimants represented by Kushner & Kushner, Attorneys.

(Doc. 20 at 2-3). The Court addresses these issues below.

### A.     The ALJ's RFC Determination of Plaintiff

Plaintiff first contends that the ALJ's RFC "assessment is not supported by substantial evidence because the ALJ failed to account for Plaintiff's nonexertional limitations and need for a handheld assistive device in violation of 20 C.F.R. §§ 404.1545(b), 416.945(b)." (Doc. 20 at 2-3). Specifically, Plaintiff argues that "it is well documented throughout the medical evidence of record that Plaintiff required the use of either a cane or walker throughout the relevant time period and is consistently noted to have problems with her gait." (*Id.* at 7 (citing Tr. at 343, 347, 400, 403, 543, 572, 580, 588, 600, 608, 610, 631, 643)). Plaintiff argues that although the ALJ

5

noted Plaintiff's need for a cane at step two, the ALJ "did not account for a handheld assistive device in the RFC (Tr. 21) and failed to articulate any rationale for discrediting the need for a handheld assistive device." (Doc. 20 at 7-8).

Additionally, Plaintiff contends that she "suffered from a tear of the acetabular labrum in her right hip shown on MRI imaging studies (Tr. 643)." (Doc. 20 at 8). Plaintiff notes that the ALJ found Plaintiff's right hip impairment to be severe. (*Id.*). While acknowledging that the ALJ "purports to account for the condition by restricting Plaintiff to 'light work,'" Plaintiff states that the ALJ "instituted no limitations at all in her ability to stand, walk, stoop, crouch, climb, crawl, kneel, or perform any other activities (Tr. 21)." (Doc. 20 at 8). Plaintiff argues that the limitations in the ALJ's findings "do not account for limitations that would logically stem from a hip impairment, such as limitations in postural activities or standing and walking." (*Id.*). Plaintiff argues, therefore, that the ALJ "failed to account for this condition in assessing the RFC." (*Id.*).

Defendant disagrees, arguing that substantial evidence supports the ALJ's RFC assessment. (Doc. 21 at 4). Specifically, Defendant contends that "merely using a hand-held assistive device does not establish a medical need for one." (*Id.* at 5). On this point, the Commissioner notes that "Plaintiff failed to cite or provide evidence that she was prescribed a cane or walker or medical documentation establishing the need for a cane or walker." (*Id.*). Moreover, Defendant contends that "the objective medical findings and other evidence, as discussed by the ALJ, does not establish that Plaintiff required a cane or walker (Tr. 21-24)." (Doc. 21 at 5). Thus, Defendant contends that "the ALJ did not need to include the use of a cane in his assessment of Plaintiff's RFC." (*Id.*).

Defendant further argues that "Plaintiff also failed to show she had additional limitations from her hip impairment." (*Id.*). Defendant contends that "Plaintiff does not cite to any evidence showing that such tear would limit her ability to do a full range of light work." (*Id.* at 5-6). Defendant further states that "the record shows that Plaintiff was receiving injections in her hip that she felt were significantly helpful (Tr. 600)." (Doc. 21 at 6). Furthermore, Defendant notes that the ALJ gave considerable weight to the opinion of the state agency physician, which opinion "also supports a finding that Plaintiff could perform a full range of light work (Tr. 24)." (Doc. 21 at 6). Thus, Defendant contends that "Plaintiff has failed to show she had any additional limitations not included in the ALJ's RFC finding" and that "[s]ubstantial evidence supports the ALJ's RFC finding." (*Id.*).

In reviewing this issue, the Court notes that the RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 416.945(a)(1). The ALJ must determine a plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips*, 357 F.3d at 1238; 20 C.F.R. § 416.945(e). In this case, the ALJ determined that Plaintiff "has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." The regulations define light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

Upon review, the Court finds that the ALJ cited substantial evidence of record in making his RFC determination and his finding that Plaintiff can perform light work.  First, the ALJ did not err by failing "to articulate any rationale for discrediting the need for a handheld assistive device." (Doc. 20 at 7-8).  While Plaintiff correctly notes that the ALJ must consider "the particular facts of a case" in reviewing the need for a handheld assistive device (Doc. 20 at 7), Defendant is correct that "merely using a hand-held assistive device does not establish a medical need for one." (Doc. 21 at 5).  Specifically, the Court notes that SSR 96-9p – cited by Plaintiff – states, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed."  1996 WL 374185, at *7.  On this point, Defendant correctly notes that "Plaintiff failed to cite or provide evidence that she was prescribed a cane or walker or medical documentation establishing the need for a cane or walker." (Doc. 21 at 5).  Instead, the medical record only reflects the fact that Plaintiff *used* a cane.  Because Plaintiff has not pointed to such evidence establishing the *need* for a handheld assistive device, the ALJ did not err on this point.

Additionally, the Court agrees with Defendant that "Plaintiff also failed to show she had additional limitations from her hip impairment." (Doc. 21 at 5).  While Plaintiff argues that her hip impairment should result in non-external limitations to standing, walking, stooping, crouching, climbing, crawling, kneeling, and/or performing other activities, Plaintiff does not cite to any evidence showing that her hip impairments would limit her ability to do a full range of light work.  Instead, Plaintiff only speculates that the limitations assigned by the ALJ "do not account for limitations that would logically stem from a hip impairment, such as limitations in postural activities or standing and walking." (Doc. 20 at 8).  Because Plaintiff has not

8

demonstrated how her hip impairments would limit her ability to do a full range of light work, the Court cannot find that the ALJ erred.  Accordingly, upon review, the Court finds that the ALJ's RFC determination is supported by substantial evidence.  The Court, therefore, affirms the decision of the ALJ on this issue.

### B. Plaintiff's Mental Impairment

The Court next addresses Plaintiff's contention that the ALJ committed harmful error by finding her medically determinable mental impairment of depression to be non-severe.  (Doc. 20 at 9).  Defendant disagrees, arguing that substantial evidence supports the ALJ's severity assessment.  (Doc. 21 at 7-9).

On this issue, the Court notes that an impairment is "severe" under the Commissioner's regulations if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.920(c); 416.921(a).  According to the Eleventh Circuit, however, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe."  *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).  Rather, the ALJ must only consider the claimant's impairments in combination, whether severe or not.  *Id.*  If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three.  *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the Court notes that the ALJ made a determination that Plaintiff suffered from a number of severe impairments including:  post-spinal fusion syndrome, right hip tendinosis, chronic post-operative pain, and chronic opioid use.  (Tr. at 17).  Because the ALJ made a determination that Plaintiff suffered from at least one severe impairment, the ALJ was not required to list every impairment that may be classified as severe.  *See Heatly*, 382 F. App'x

at 825. Rather, the only requirement is that the ALJ considered all of Plaintiff's impairments in combination, whether severe or non-severe. *See id.*

Here, the record demonstrates that the ALJ evaluated all of Plaintiff's impairments in combination, whether severe or non-severe. Specifically, in making his RFC determination, the ALJ stated that:

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-Sp, 96-6p and 06-3p.

(Tr. at 21).

Moreover, the Court notes that the ALJ specifically considered Plaintiff's mental impairment and found it to be non-severe. (Tr. at 19-21). Furthermore, the record shows that the ALJ considered Plaintiff's mental impairment in making his RFC assessment. (*See* Tr. at 24).

In sum, regardless of whether the ALJ erred in his conclusion that Plaintiff's mental impairments were non-severe, the record demonstrates that the ALJ considered Plaintiff's mental impairments in combination with Plaintiff's other impairments. Therefore, the ALJ applied the correct legal standard and did not err in failing to find Plaintiff's mental impairments are severe, or if he did err, the error was harmless. *See Heatly*, 382 F. App'x at 825.

### C. The ALJ's Credibility Determination of Plaintiff

The next issue raised by Plaintiff concerns the ALJ's assessment of Plaintiff's credibility. (Doc. 20 at 11-13). Plaintiff argues that the ALJ's assessment "is not supported by substantial evidence because the ALJ mischaracterized the evidence of record and did not articulate [sic] valid rationale for discrediting Plaintiff." (*Id.* at 3). Specifically, Plaintiff argues that the ALJ incorrectly discredited Plaintiff based on a misreading of an MRI. (*Id.* at 12 (citing Tr. at 374)).

Plaintiff argues that "her medical providers felt there was a medical basis for her pain symptoms, contrary to the ALJ's allegations, and there are abnormalities in the imaging studies that would explain pain symptoms." (Doc. 20 at 12). Additionally, Plaintiff argues that the ALJ's "true rationale" for discrediting Plaintiff is his belief that "her history of 'opioid abuse' and 'apparent narcotic seeking behavior' are inconsistent with her pain complaints." (*Id.*). Plaintiff argues, however, that she was largely compliant with her medications. (*Id.*). Further, Plaintiff argues that her failed drug screening was only a violation of office policy and does not contradict her complaints of pain. (*Id.*). Thus, Plaintiff argues that the ALJ's stated reasons were not valid reasons to discredit her. (*Id.* at 13).

Defendant disagrees, arguing that substantial evidence supports the ALJ's findings. (Doc. 21 at 10). Specifically, Defendant notes that the same MRI Plaintiff cites in support of her position also shows that "there was no evidence of current disk protrusion." (*Id.* at 11). Defendant also notes that the ALJ discredited Plaintiff due to other reasons as well. (*Id.* at 12). For instance, as the ALJ noted, Defendant points out that Plaintiff repeatedly failed to follow through with physical therapy. (*Id.*). Further, Defendant argues that the ALJ discredited Plaintiff due to Plaintiff consistently reporting "10/10 pain" even though she was "on a large amount of pain medication." (*Id.*). Defendant further argues that the ALJ properly evaluated Plaintiff's "non-compliance with her prescribed medication in evaluating her credibility." (*Id.* (citing 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v); SSR 96-7p; *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged

11

pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).  After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).  If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted).  Nevertheless, in reviewing credibility, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

In this case, substantial evidence supports the ALJ's credibility determination.  While Plaintiff argues that the ALJ misread an MRI, the cited record does not appear to contradict the ALJ's statement that "MRI and x-rays of the claimant's lumbar spine from postsurgery show a

normal alignment and no pathology consistent with the claimant's subjective reports of pain." (Tr. at 22). Specifically, the same MRI Plaintiff cites in support of her position also shows that "there was no evidence of current disk protrusion." (Tr. at 374). Additionally, the Court notes that MRI showed "L1 to L5 as normal." (Tr. at 374). While the MRI also showed "L5-S1 level fused with disk desiccation at the L5-S1 level" and an "epidural scar formation lateral to the S1 nerve root and medial to the L5-S1 route," an x-ray reading on the same medical form shows "satisfactory position" and "no fracture or misalignment." (Tr. at 374). Thus, upon review, these records appear to support the ALJ's credibility determination.

Furthermore, the Court notes that the ALJ gave several other reasons for discrediting Plaintiff. (*Id.* at 12). For instance, the ALJ discredited Plaintiff because she "did not follow through with physical therapy" and for her "history of chronic opioid abuse." (Tr. at 22). Upon review, the evidence of record supports the ALJ's credibility determination. Specifically, the Court notes that the records cited by the ALJ seemingly confirm that Plaintiff did not follow up with physical therapy. (Tr. at 373). Further, records also show that Plaintiff was discharged for a failed drug screening. (Tr. at 643). Moreover, the ALJ noted that "claimant reported maximum pain (ten out of ten on a scale of 1-10) at every appointment from late 2010 through 2013 and pain with palpitation despite also reporting that her pain medications were effective and she was able to function well with them." (Tr. at 23). Records, in fact, show that Plaintiff consistently reported 10/10 for pain. (Tr. at 373). Additionally, the ALJ also noted that Plaintiff "requested increased narcotics on multiple occasions and was discharged from a medical provider for irregular drug test results and medication non-compliance." (Tr. at 23). Plaintiff does not dispute these findings but instead only argues that she was largely compliant with her medications and that her failed drug screening was only a violation of office policy. (Doc. 20 at

13

12). The Court finds, however, that the record supports the ALJ's reasons for discrediting Plaintiff. Certainly, the ALJ was not clearly wrong to discredit Plaintiff's credibility on these grounds. *See Werner*, 421 F. App'x at 939.

Likewise, the Court notes that the ALJ specifically found that Plaintiff's "subjective pain complaints are not fully credible and the record supports this inconsistency of subjective complaints versus objective findings on examination." (Tr. at 23). The ALJ stated that "[t]he objective findings on examination support good motor strength, intact neurological findings, and diagnostic imaging was largely unremarkable." (Tr. at 23). Plaintiff did not contest these findings and the evidence cited above, including the MRI cited by Plaintiff (Tr. at 374), do not contradict the ALJ's findings.

In sum, the Court finds that the ALJ clearly articulated his credibility determination of Plaintiff with substantial supporting evidence. *See Foote*, 67 F.3d at 1562. Accordingly, the Court affirms the decision of the ALJ on this issue.

### D. Bias of the ALJ

The final issue raised by Plaintiff concerns her assertion that the ALJ was biased against her. (Doc. 20 at 13-17; Doc. 24 at 1-4). Plaintiff contends that the ALJ may have been biased against her in making his decision in this case due to her assertion of nonexertional limitations and also for the separate litigation involving ALJ Butler and Plaintiff's counsel. (Doc. 20 at 13-17; Doc. 24 at 1-4).

On this point, the Court notes that the "impartiality of the ALJ is integral to the integrity of the system." *Hinson v. Colvin*, No. 2:14-cv-222-FtM-DNF, 2014 WL 6769341, at *3 (M.D. Fla. Dec. 1, 2014) (quoting *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996)). Nevertheless, courts "start from the presumption that administrative adjudicators, such as ALJs are unbiased."

*Id.* (citing *McClure*, 456 U.S. at 195-96)). "[A] claimant challenging this presumption carries the burden of proving otherwise." *Strople v. Colvin*, No. 3:13-cv-1518-J-34MCR, 2015 WL 1470866, at *7 (M.D. Fla. Mar. 31, 2015).

In this instance, the Court finds that Plaintiff has not provided sufficient evidence to demonstrate that the ALJ was biased as to Plaintiff's case or her counsel. There is insufficient evidence to support Plaintiff's assertion that the ALJ was biased against Plaintiff for her assertion of nonexertional limitations. Moreover, Plaintiff has not shown that the separate litigation pending – that indirectly involved Plaintiff's counsel – influenced the ALJ's decision in this case. Moreover, even assuming *arguendo* that the ALJ was biased, there is substantial evidence of record supporting the ALJ's decision as to the issues raised by Plaintiff here. Accordingly, the Court declines to remand this case based on Plaintiff's insufficiently supported allegations of bias.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**DONE AND ORDERED** in Fort Myers, Florida on February 7, 2017.

Copies furnished to:

Counsel of Record
Unrepresented Parties

16